IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| JANICE A. REICHARD, | ) | |
|---|---|---|
| Plaintiff | ) | |
| | ) | No. 1:18-CV-349 |
| v. | ) | |
| | ) | |
| MILLCREEK TOWNSHIP, JOHN GROH, JOHN MORGAN and JAMES BOCK, | ) ) ) | |
| Defendants | ) | TRIAL BY JURY OF 12 DEMANDED |

**COMPLAINT**

AND NOW, the Plaintiff, Janice A. Reichard, by and through her attorneys, the ELDERKIN LAW FIRM, files the following Complaint, respectfully representing as follows:

1. This Honorable Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. §§1331 and 1343.

2. Venue is properly laid in the Western District of Pennsylvania pursuant to 28 U.S.C. §1391 and Rule 3 of the Local Rules of the U.S. District Court for the Western District of Pennsylvania.

3. Plaintiff, Janice A. Reichard, is an adult individual and a resident of Erie County, Pennsylvania.

4. Plaintiff was an employee of Defendant, Millcreek Township, from April, 1998 until July 30, 2018. During her employment, Plaintiff held the position of payroll manager.

5. Defendant, Millcreek Township, is a municipal corporation and/or a municipality and/or local governmental entity which is organized and existing under the laws of the Commonwealth of Pennsylvania and it is situated within Erie County, Pennsylvania.

6. Defendant, John Groh, is an adult individual and resident of Erie County, Pennsylvania.

7. Defendant, John Morgan, is an adult individual and resident of Erie County, Pennsylvania.

8. Defendant, James Bock, is an adult individual and resident of Erie County, Pennsylvania.

9. At all times relevant, Defendants, Groh, Morgan and Bock, are the duly elected Supervisors of Defendant, Millcreek Township, and, together, they constitute the Board of Supervisors of Defendant, Millcreek Township, and at all times relevant, each of these Defendants acted in his official capacity and within the scope of his legal authority as a member of the Board of Supervisors.

10. Defendants Groh, Morgan and Bock each are hereby being sued both in their individual capacities and in their official capacities.

11. As members of the Board of Supervisors, Defendants Groh, Morgan and Bock each were responsible for and controlled the general governance of Defendant, Millcreek Township, and, as a board, they possessed, exercised and controlled all of the legislative, executive and administrative powers of the Township. At all times relevant, Defendants Groh, Morgan and Bock, were the policymakers of Defendant, Millcreek Township.

12. At all times relevant, Defendants Groh, Morgan and Bock had the final and ultimate legal authority and power to terminate the employment of employees of Defendant, Millcreek Township, including the employment of the Plaintiff.

13. At all times relevant, Defendants acted under the color and authority of law and in their capacities as members of the Board of Supervisors of Defendant, Millcreek Township, with regard to their retaliatory actions against Plaintiff, as described below.

14. Defendants Groh, Morgan and Bock, individually and jointly exercised their legal power and authority as Supervisors to terminate the Plaintiff's employment with Defendant, Millcreek Township, effective July 30, 2018.

15. Prior to Plaintiff's termination, she had not received any discipline or sanction for any act or omission during her 20 years of service as a Township employee. Moreover, Defendants did not implement any form of progressive discipline of Plaintiff regarding the alleged acts at issue.

16. The Defendants jointly exercised their governmental power and authority to terminate Plaintiff's employment in retaliation for the content of verbal statements allegedly made by the Plaintiff.

17. The Defendants retaliated against the Plaintiff because Defendants believed that she allegedly made defamatory remarks about the Millcreek Township treasurer, which alleged remarks related to the belief that the treasurer had stolen from Defendant, Millcreek Township.

18. The Plaintiff's alleged remarks were made during a private conversation between the Plaintiff and an acquaintance who is not an employee nor an official of Defendant, Millcreek Township.

19. The Defendants claim that this private conversation occurred in a public area of the Township's municipal office building and that the comments supposedly were overheard by an individual, whose identity has been concealed by Defendants, who then reported his or her version of the overheard conversation to one or more of Defendants Groh, Morgan and Bock.

20. The Defendants questioned the Plaintiff about these alleged remarks and, in response, the Plaintiff informed Defendants that she did not say that the treasurer had stolen from Defendant, Millcreek Township.

21. The Plaintiff acknowledged, however, that she had remarked to her acquaintance that she lacked trust in the treasurer.

22. In fact, Plaintiff previously had informed Defendants, Groh, Morgan and Bock, and the manager of human resources and the outside auditors that she had concerns arising from troubling and irregular bookkeeping practices and procedures implemented and undertaken by the Township treasurer and by the treasurer's apparent lack of knowledge regarding basic financial issues affecting the Township.

23. The Plaintiff also previously had received similar comments and concerns from other Township employees whose job duties include financial and/or budgetary matters. These concerns of others were known to Defendants.

24. During the Plaintiff's private conversation with her acquaintance, Plaintiff was speaking as a citizen, not in the fulfillment of any requirement or obligation arising from her position of employment and she was speaking about a matter of public interest or concern.

25. As such, the Plaintiff's alleged statements were protected under the First Amendment to the United States Constitution, as applied under the Fourteenth Amendment to the Constitution.

26. The Defendants did not have a valid nor compelling interest, as Plaintiff's employer, which overcame Plaintiff's First Amendment rights or which legally justified their harsh retaliation against the Plaintiff for the content of Plaintiff's alleged speech.

27. The Defendants' retaliation against the Plaintiff for the content of her alleged comments was unlawful and in violation of her rights under the First Amendment to the United States Constitution.

28. Defendants' wrongful retaliation against the Plaintiff was undertaken in reckless and/or callous and/or intentional disregard of the Plaintiff's First Amendment rights.

29. As a direct and proximate result of the Defendants' wrongful retaliation against the Plaintiff, the Plaintiff has suffered and continues to suffer financial losses, including the loss of salary and employment benefits. She has also suffered and continues to suffer non-economic damages, including emotional distress, anxiety and embarrassment.

### COUNT I – Plaintiff v. Defendant, Millcreek Township

30. Paragraphs 1 through 29 are hereby incorporated by reference as if set forth fully herein.

31. Defendant's conduct and actions, as described above, violated the Plaintiff's rights as provided under and guaranteed by the First Amendment of the United States Constitution and Defendant is liable to the Plaintiff therefor under 42 U.S.C. §§1983 and 1985.

32. As a direct and proximate result of the Defendant's wrongful conduct, the Plaintiff is entitled to an award of damages for all financial losses, emotional and/or psychological injuries and/or suffering, an award of punitive damages and an award for attorney's fees and costs, all pursuant to 42 U.S.C. §§1983, 1985 and 1988.

WHEREFORE, the Plaintiff demands judgment against the Defendant for an award of compensatory damages, punitive damages and attorney's fees and costs.

### COUNT II – Plaintiff v. Defendant, John Groh

33. Paragraphs 1 through 32 are hereby incorporated by reference as if set forth fully herein.

34. Defendant's conduct and actions, as described above, violated the Plaintiff's rights as provided under and guaranteed by the First Amendment of the United States Constitution and Defendant is liable to the Plaintiff therefor under 42 U.S.C. §§1983 and 1985.

35. As a direct and proximate result of the Defendant's wrongful conduct, the Plaintiff is entitled to an award of damages for all financial losses, emotional and/or psychological injuries and/or suffering, an award of punitive damages and an award for attorney's fees and costs, all pursuant to 42 U.S.C. §§1983, 1985 and 1988.

WHEREFORE, the Plaintiff demands judgment against the Defendant for an award of compensatory damages, punitive damages and attorney's fees and costs.

COUNT III – Plaintiff v. Defendant, John Morgan

36. Paragraphs 1 through 35 are hereby incorporated by reference as if set forth fully herein.

37. Defendant's conduct and actions, as described above, violated the Plaintiff's rights as provided under and guaranteed by the First Amendment of the United States Constitution and Defendant is liable to the Plaintiff therefor under 42 U.S.C. §§1983 and 1985.

38. As a direct and proximate result of the Defendant's wrongful conduct, the Plaintiff is entitled to an award of damages for all financial losses, emotional and/or psychological injuries and/or suffering, an award of punitive damages and an award for attorney's fees and costs, all pursuant to 42 U.S.C. §§1983, 1985 and 1988.

WHEREFORE, the Plaintiff demands judgment against the Defendant for an award of compensatory damages, punitive damages and attorney's fees and costs.

### COUNT IV – Plaintiff v. Defendant, James Bock

39. Paragraphs 1 through 38 are hereby incorporated by reference as if set forth fully herein.

40. Defendant's conduct and actions, as described above, violated the Plaintiff's rights as provided under and guaranteed by the First Amendment of the United States Constitution and Defendant is liable to the Plaintiff therefor under 42 U.S.C. §§1983 and 1985.

41. As a direct and proximate result of the Defendant's wrongful conduct, the Plaintiff is entitled to an award of damages for all financial losses, emotional and/or psychological injuries and/or suffering, an award of punitive damages and an award for attorney's fees and costs, all pursuant to 42 U.S.C. §§1983, 1985 and 1988.

WHEREFORE, the Plaintiff demands judgment against the Defendant for an award of compensatory damages, punitive damages and attorney's fees and costs.

Respectfully submitted,

ELDERKIN LAW FIRM

By /s/ Craig A. Markham
    Craig A. Markham, Esquire
    Pa. ID #38531
    Attorney for Plaintiff
    150 East Eighth Street
    Erie, Pennsylvania 16501
    Direct Dial: (814) 520-8968